UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ELIJAH DANTE FAUCETTE,                            :

               Plaintiff,              :              15 Civ. 8495 (AJP)

       -against-                 :              **OPINION & ORDER**

CAROLYN W. COLVIN, Commissioner           :
of Social Security,
                              :
             Defendant.
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se plaintiff Elijhah Faucette brings this action pursuant to § 205(g) of the Social

Security Act, 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security

denying him Supplemental Security Income and Disability Insurance Benefits.  (Dkt. No. 2: Compl.)

Presently before the Court is the Commissioner's motion to dismiss for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 8: Comm'r Notice of Mot.)  The parties

have consented to decision by a United States Magistrate Judge pursuant to 18 U.S.C. § 636(c).

(Dkt. No. 16.)  Faucette did not reply to the Commissioner's motion and the time to do so has

passed.  (See Dkt. No. 15: 2/9/16 Scheduling Order.)

        For the reasons set forth below, the Commissioner's motion to dismiss (Dkt. No. 8)

is GRANTED.

**FACTS**

**Procedural Background**

        On July 19, 2013, Faucette filed for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI") alleging that he has been disabled due to a foot injury and

mental disorder since July 1, 2013.  (Dkt. No. 13: Nicoll Aff. Ex. 1: Appl. Summ.; Ex. 2: 8/23/13

Denial at 4.)[1/]  On August 23, 2013, the Social Security Administration ("SSA") found Faucette not

disabled because he did not take the medical examination provided at the SSA's expense, and denied

his application for SSI.  (8/23/13 Denial at 1, 4.)  On September 3, 2014, Faucette requested an

administrative hearing.  (Ex. 3: Hr'g Request.)

On December 10, 2014, Administrative Law Judge ("ALJ") Wallace Tannenbaum

issued Faucette a notice for a February 3, 2015 hearing.  (Ex. 4: 12/10/14 Hr'g Notice.)  The hearing

notice, addressed to Faucette at 2185 7th Ave., Apt. 6G, New York, N.Y. 10027,  indicated that ALJ

Tannenbaum would consider Faucette's eligibility for SSI and DIB.  (12/10/14 Hr'g Notice at 1, 3.)

Included with the hearing notice was a postage-paid acknowledgment form, which Faucette was

instructed to complete and return.  (12/10/14 Hr'g Notice at 2, 9.)  Faucette did not complete the

acknowledgment form.  (Ex. 6: 2/5/15 Dismissal Order at 4.)  On January 20, 2015, the SSA sent

a reminder notice to Faucette at the 7th Ave. address, requesting that Faucette call the SSA to

confirm his plan to attend his hearing.  (Ex. 5: 1/20/15 Hr'g Notice Reminder.)[2/]  Faucette failed to

appear for his hearing, and on February 5, 2015, ALJ Tannenbaum dismissed Faucette's hearing

request.  (2/5/15 Dismissal Order.)  ALJ Tannenbaum indicated that the SSA's August 23, 2013

determination of nondisability remained in effect.  (2/5/15 Dismissal Order at 2.)  ALJ Tannenbaum

mailed the Dismissal Order to Faucette at the 7th Ave. address.  (2/5/15 Dismissal Order at 1.)

---

[1/]     All references to exhibits are to those submitted as attachments to the Nicoll Affidavit.

[2/]     The reminder notice clearly stated that: "If you do not appear at this hearing, and do not
provide a good reason why you did not appear, the [ALJ] will dismiss your request for
hearing without further notice.  If the ALJ dismisses your request for hearing, the prior
decision will become the final decision of the Commissioner on your application."  (1/20/15
Hr'g Notice Reminder.)

On February 17, 2015, Faucette filed a request for Appeals Council review, indicating that he signed an SSA Form 1696 appointing Lawrence Beck as his representative and had received no correspondence.  (Ex. 7: 2/17/15 Review Req.)  Faucette continued to report his address as 2185 7th Ave., Apt. 6G, New York, N.Y. 10027.  (Id.)  On September 3, 2015, the Appeals Council sent Faucette a letter indicating that there was no record of his appointing Beck as his representative, and requesting that he submit evidence to prove he had not received the hearing notices or send a statement explaining why he did not appear for his hearing.  (Ex. 8: 9/3/15 Appeals Council Ltr.)  Faucette did not respond.  (Nicoll Aff. ¶ 3(f).)  On October 21, 2015, the Appeals Council denied Faucette's request for review.  (Ex. 9: 10/21/15 Appeals Council Denial.)  The SSA mailed the denial letter to Faucette's 7th Ave. address.  (Id.)  Faucette timely filed this action on October 28, 2015.  (Dkt. No. 2: Compl.)

## ANALYSIS

## I. APPLICABLE LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'"  Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  Subject matter jurisdiction is a nonwaivable requirement.  E.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84, 119 S. Ct. 1563, 1569-70 (1999); Ahmed v. Holder, 624 F.3d 150, 154 (2d Cir. 2010) ("[W]e may not exercise jurisdiction that we otherwise lack simply because the parties will allow it."); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 121 (2d Cir. 2007); Burns v. King, 160 F.

App'x 108, 111 (2d Cir. 2005); Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.").[3/] Cases lacking subject matter jurisdiction must be dismissed whether raised by the parties or on the Court's own initiative.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see, e.g., Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202 (2011); Arbaugh v. Y&H Corp., 546 U.S. at 514, 126 S. Ct. at 1244; Ruhrgas AG v. Marathon Oil Co., 526 U.S. at 583, 119 S. Ct. at 1570 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 125-26 (2d Cir. 2011).[4/]

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d at 113 (citing Kamen v. American Tel. & Tel.  Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).[5/] Additionally,

---

[3/]   See also, e.g., LaChapelle v. Torres, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014); Alleyne v. City of N.Y., 244 F. Supp. 2d 214, 215 (S.D.N.Y. 2003); Paduano & Weintraub, LLP v. Wachovia Secs., 185 F. Supp. 2d 330, 332 (S.D.N.Y. 2002).

[4/]   See also, e.g., Eldesouky v. Aziz, 11 Civ. 6986, 2014 WL 7271219 at *4 (S.D.N.Y. Dec. 19, 2014); Bryant v. Kinder, 14 Civ. 6637, 2014 WL 4958077 at *2 (S.D.N.Y. Oct. 3, 2014); Mallgren v. Microsoft Corp., 975 F. Supp. 2d 451, 456 (S.D.N.Y. 2013).

[5/]   See also, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), cert. denied sub nom. Attica Cent. Sch. v. J.S., 544 U.S. 968, 125 S. Ct. 1727 (2005); Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976); MBIA Inc. v. Certain Underwriters at Lloyd's, 33 F. Supp. 3d 344, 351 (S.D.N.Y. 2014); Gonzalez v. U.S. Dep't of Agric., Food & Nutrition, 12 Civ. 7932, 2013 WL 4452842 at *2 (S.D.N.Y. Aug. 16, 2013); Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.,
                                                                                     (continued...)

the "standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical." Lerner

v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir.) (Sotomayor, C. J.), cert. denied, 540 U.S. 1012, 124

S. Ct. 532 (2003).[6/]   The only substantive difference is "that the party invoking the jurisdiction of

the court has the burden of proof in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the

defendant has the burden of proof." Lerner v. Fleet Bank, N.A., 318 F.3d at 128 (citing Thompson

v. Cty. of Franklin, 15 F.3d 245, 249 (2d Cir. 1994)); see also, e.g., CP Investors Grp., LLC v.

Deutch, 13 Civ. 5228, 2014 WL 1327975 at *3 (S.D.N.Y. Apr. 3, 2014); Langella v. Bush, 306 F.

Supp. 2d 459, 463 (S.D.N.Y. 2004) ("On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff

carries the burden of establishing that subject matter jurisdiction exists over his complaint."); Bishop

v. Porter, 2003 WL 21032011 at *3.

The Court must construe a pro se complaint liberally and must use less stringent

standards when reviewing a pro se complaint than if the complaint had been drafted by counsel.

See, e.g., Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013); Cancel v. Home Depot, 488 F. App'x

520, 521 (2d Cir. 2012); Spataro v. Glenwood Supply, 479 F. App'x 403, 404 (2d Cir. 2012); Ercole

v. LaHood, 472 F. App'x 47, 48 (2d Cir. 2012), cert. denied, 133 S. Ct. 1479 (2013); Harris v. Mills,

---

[5/]      (...continued)
04 Civ. 8510, 2011 WL 4005321 at *2, (S.D.N.Y. Sept. 1, 2011), aff'd, 726 F.3d 62 (2d Cir. 2013), cert. denied, 134 S. Ct. 1291 (2014); Brown v. DeFrank, 06 Civ. 2235, 2006 WL 3313821 at *14-16 & nn.1, 4 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.) (citing cases); Masters v. Wilhelmina Model Agency, Inc., 02 Civ. 4911, 2003 WL 145556 at *1 (S.D.N.Y. Jan. 17, 2003).

[6/]      See also, e.g., Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999); Pearl River Union Free Sch. Dist. v. Duncan, 56 F. Supp. 3d 339, 351 (S.D.N.Y. 2014); Bishop v. Porter, 02 Civ. 9542, 2003 WL 21032011 at *3 (S.D.N.Y. May 8, 2003); Tennant v. U.S. Bureau of Prisons, No. 02 CV 00558, 2003 WL 1740605 at *1 (D. Conn. Mar. 29, 2003).

572 F.3d 66, 72 (2d Cir. 2009); LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991).[7] "Even a pro

se plaintiff, however, will bear the burden of proving that subject-matter jurisdiction exists."

Omoniyi v. Dep't of Homeland Sec., 10 Civ. 1344, 2012 WL 892197 at *5 (S.D.N.Y. Mar. 13, 2012)

(citing Makarova v. United States, 201 F.3d at 113; see also, e.g., Pucci v. Brown, 423 F. App'x 77,

77, 78 (2d Cir. 2011).

> **B.**   **42 U.S.C. § 405(g)**

Judicial review of Social Security decisions is limited to those where the claimant

had a hearing:

> Any individual, after any final decision of the Commissioner of Social Security made
> after a hearing to which he was a party, irrespective of the amount in controversy,
> may obtain a review of such decision by a civil action commenced within sixty days
> after the mailing to him of notice of such decision or within such further time as the
> Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  As prior decisions have explained:

> The Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA
> decision only if that decision follows an actual hearing on the merits. Dietsch v.
> Schweiker, 700 F.2d 865, 867 (2d Cir. 1983) (stating that Appeals Council dismissal
> predicated on procedural default "is not reviewable by the district court because it
> is not a 'final decision' under § 405(g)"). Under this interpretation, a "[d]ismissal for
> failure to appear at the hearing does not constitute a final decision on the merits and
> consequently cannot be reviewed under 42 U.S.C. § 405(g)." Milazzo ex rel.
> Rodriguez v. Barnhart, No. 05 Civ. 9218, 2006 WL 2161781 (S.D.N.Y. Aug. 1,
> 2006) (citing Plagianos v. Schweiker, 571 F. Supp. 495, 497 (S.D.N.Y. 1983)

---

[7]   See also, e.g., Taylor v. Fresh Direct, 12 Civ. 2084, 2012 WL 6053712 at *3 (S.D.N.Y. Dec.
5, 2012) (Peck, M.J.), R. & R. adopted, 2013 WL 1897778 (S.D.N.Y. May 7, 2013); Inesti
v. Hicks, 11 Civ. 2596, 2012 WL 2362626 at *6 (S.D.N.Y. June 22, 2012) (Peck, M.J.), R.
& R. adopted, 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); Scherman v. N.Y.S. Banking
Dep't, 09 Civ. 2476, 2010 WL 997378 at *4 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), aff'd,
443 F. App'x 600 (2d Cir. 2011); Wong v. Health First Inc., 04 Civ. 10061, 2005 WL
1676705 at *3 (S.D.N.Y. July 19, 2005) (Peck, M.J.), R. & R. adopted, 2006 WL 2457944
(S.D.N.Y. Aug. 23, 2006); Watson v. McGinnis, 964 F. Supp. 127, 131 (S.D.N.Y. 1997)
(Kaplan, D.J. & Peck, M.J.); Saunders v. Coughlin, 92 Civ. 4289, 1994 WL 88108 at *2
(S.D.N.Y. Mar. 15, 1994) (citing Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)).

> ("[W]hen there was no hearing and determination on the merits by a final decision, there is nothing for the court to review ... [and] absent any constitutional question, an application for judicial review fails to state a claim on which relief may be granted.")); see also Saldana v. Astrue, No. 07 Civ. 5893, 2008 WL 534762, at *2 (S.D.N.Y. Feb. 25, 2008) ("failure to appear at [a] hearing [means] this Court lacks jurisdiction over the action"); Urena v. Commissioner of Social Security, No. 02 Civ. 8537, 2003 WL 21702285, at *2 (S.D.N.Y. July 23, 2003) (invocation of Section 405(g) jurisdiction was inappropriate to review an SSA decision based on the procedural ground of failure to appear.)

Moses v. Colvin, 13 Civ. 2041, 2013 WL 5663071 at *2 (S.D.N.Y. Oct. 17, 2013), R. & R. adopted, 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013); see also, e.g., Steadman v. Colvin, 14 Civ. 7495, 2015 WL 4393022 at *4 (S.D.N.Y. July 14, 2015) ("[I]f a request for a hearing is dismissed because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court."); Guerra v. Comm'r of Soc. Sec., 12 Civ. 6750, 2013 WL 3481284 at *3 (S.D.N.Y. July 1, 2013).

## C.   Waivers and Exceptions to § 405(g)

To exhaust the administrative review process and receive a final decision subject to review in federal court, a claimant typically must proceed though four steps prescribed by the Commissioner of Social Security: (1) an initial determination of disability; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review.  See, e.g., Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 (2d Cir. 2011); accord, e.g., Guerra v. Comm'r of Soc. Sec., 12 Civ. 6750, 2013 WL 3481284 at *3 (S.D.N.Y. July 1, 2013).  Federal courts may excuse a claimant's failure to exhaust administrative remedies if: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would be futile; and (3) plaintiff would suffer irreparable harm if required to exhaust administrative remedies.  See, e.g., Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996); Maloney v. Soc. Sec. Admin., No. 02-CV-1725, 2006 WL 1720399 at *5 (E.D.N.Y.

June 19, 2006), aff'd, 517 F.3d 70 (2d Cir. 2008).

Additionally, the Court has subject matter jurisdiction if "the plaintiff has raised a colorable constitutional claim relating to the agency decision." Guerra v. Comm'r of Soc. Sec., 2013 WL 3481284 at *3 (quotation & alterations omitted); see also, e.g., Steadman v. Colvin, 14 Civ. 7495, 2015 WL 4393022 at *5 (S.D.N.Y. July 14, 2015) ("'Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.'") (quoting Califano v. Sanders, 430 U.S. 99, 109, 97 S. Ct. 980, 986 (1977))); Moses v. Colvin, 13 Civ. 2041, 2013 WL 5663071 at *3 (S.D.N.Y. Oct. 17, 2013), R. & R. adopted, 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013).

## II.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER FAUCETTE'S CLAIM

The Commissioner argues that the Court does not have subject matter jurisdiction to review Faucette's claim because he did not obtain a "final decision made after a hearing" to which he was party as required by 42 U.S.C. 405(g).  (Dkt. No. 9: Comm'r Br. at 6-7.)  Faucette's complaint is silent as to his failure to appear for his February 3, 2015 hearing, but his request for Appeals Council review states that he did not receive any correspondence from the SSA.  (See pages 2-3 above.)  The SSA sent a hearing notice and reminder to Faucette at the address he provided in his application for benefits.  (See page 2 above.)  ALJ Tannenbaum subsequently dismissed Faucette's hearing request due to his failure to appear.  (See page 2 above.)  The Court notes that Faucette apparently received the dismissal order, which was sent to the same address as the hearing notice and reminder, because Faucette timely appealed to the Appeals Council.  (See pages 2-3 above.)  Dismissal for lack of subject matter jurisdiction is appropriate here, because ALJ Tannenbaum's decision was not merit-based, but rather was predicated on a procedural default.  See,

e.g., Milazzo v. Barnhart, 05 Civ. 9218, 2006 WL 2161781 (S.D.N.Y. Aug. 1, 2006) ("Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)."); see also cases cited at pages 6-7 above.

Further, Faucette has not presented a colorable constitutional claim such that access to the courts is essential.  Faucette does not

> challenge the SSA's policies or regulations, argue that the SSA failed to comply with its own procedures in considering [his] claim for benefits, or offer any reason that [he] did not receive the notice–such as an incorrect address or problems with [his] mail service–that might suggest good cause for [his] failure to appear and an attendant lack of due process.

Guerra v. Comm'r of Soc. Sec., 12 Civ. 6750, 2013 WL 3481284 at *4 (S.D.N.Y. July 1, 2013) (collecting cases); see also, e.g., Steadman v. Colvin, 14 Civ. 7495, 2015 WL 4393022 at *8 (S.D.N.Y. July 14, 2015); Moses v. Colvin, 13 Civ. 2041, 2013 WL 5663071 at *3-4 (S.D.N.Y. Oct. 17, 2013).

Finally, each of the factors to be considered in waiving the administrative exhaustion requirement (see page 7 above) weighs against Faucette.  First, far from being collateral to a demand for benefits, Faucette's complaint makes clear that his claim is for the "maximum monthly disability insurance benefits and/or Supplemental Security Income benefits." (Dkt. No. 2: Compl. at 2.) Second, Faucette makes no showing that it would have been futile for him to have pursued administrative remedies fully.  On the contrary, had Faucette fully exhausted his administrative remedies and appeared at his hearing, he would have had the opportunity to support his application for benefits.  Lastly, Faucette presents no evidence that he will be irreparably harmed without federal judicial review of his claim.  Although Faucette claims to have a foot injury and mental disorder, there is no evidence that a lack of benefits subjects him to deteriorating health.  See, e.g.,

10

Steadman v. Colvin, 2015 WL 4393022 at *7; Long Island Ambulance, Inc. v. Thompson, 220 F. Supp. 2d 150, 164-65 (E.D.N.Y. 2002).  As Faucette's hearing request was dismissed for failure to appear, he presents no colorable constitutional claim and there are insufficient grounds to waive the exhaustion requirement, this Court lacks subject matter jurisdiction to review his claim.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion to dismiss (Dkt. No. 8) is GRANTED.[8]

SO ORDERED.

Dated:      New York, New York
            March 3, 2016

                                    _____
                                    **Andrew J. Peck**
                                    United States Magistrate Judge

Copies:     Elijah Faucette (Regular & Certified Mail), 2185 7th Ave., Apt. 6G, New York, N.Y. 10027
            Counsel (ECF)

---

[8]     If Faucette requires copies of any of the cases reported only in Westlaw, he should request copies from opposing counsel.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.